UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA WARREN
an Individual,

    Plaintiff,

Case No. 06-15054

HONORABLE MARIANNE O BATTANI
MAGISTRATE JUDGE STEVEN D. PEPE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO WASHTENAW COUNTY CIRCUIT COURT (Dkt. #6)**

**I.**     **INTRODUCTION**

This is a civil action, which Plaintiff initially filed in Washtenaw County Circuit Court on October 11, 2006, alleging breach of contract, misrepresentation and requesting equitable relief. On November 9, 2006, Defendant subsequently filed its Notice of Removal of this action to this Court (Dkt. #1). On December 6, 2006, Plaintiff filed its motion to remand this case back to the Washtenaw County Circuit Court (Dkt. #6). In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case have consented to have the undersigned conduct any and all proceedings and enter a final order as to Plaintiff's motion for remand (Dkt. #9). For the reasons stated below, Plaintiff's Motion is **GRANTED** and this case is **REMANDED** to the Washtenaw County Circuit Court.

1

**II.     BACKGROUND FACTS**

This is a first party no-fault action arising out of a motor vehicle striking Plaintiff on her bike on October 29, 1985.  Plaintiff suffered traumatic brain injury with resulting emotional and cognitive impairments, rib injuries and leg injuries.  Plaintiff also suffers from drug and alcohol abuse and over the years has been in and out of rehabilitation programs for substance abuse and psychiatric problems.  Because of her relapse potential, Plaintiff was referred to a group of facilities owned and operated by Roman Frankel, that are limited to treat patients with both traumatic brain injury and addictions.  A dispute over the necessity and reasonableness of these providers' services arose, which led to Plaintiff filing a lawsuit in Washtenaw County Circuit Court in 2004 (*See*, Dkt. #6, Ex. A).  The initial pleadings were filed with a Complaint and Jury Demand against the named Defendant on May 12, 2004, and the case was assigned to Judge Donald E. Shelton.  Resolution and voluntary payment was reached in June 2005 for the residential program benefits, and a stipulated order for dismissal with prejudice was entered on or about June 30, 2005 (*See*, Dkt. #10, Ex. 1).

On October 11, 2006, Plaintiff filed this case in Washtenaw County Circuit Court because State Farm terminated certain benefits which Plaintiff alleges had been agreed upon in the prior proceedings and releases.  A review of Plaintiff's May 12, 2004, Complaint and Jury Demand and October 11, 2006, Complaint and Jury Demand confirms that the allegations, parties, and requests for relief in both submissions are virtually identical (Compare, Dkt. #6, Ex. A to Dkt. #6, Ex. B).  The case was again assigned to Judge Shelton.  On November 9, 2006, Defendant filed its Notice of Removal of this action to the United States District Court, Eastern District of Michigan, Southern Division (Dkt. #1).

Plaintiff now argues (1) that diversity jurisdiction is lacking and (2) that Defendant has filed an untimely Notice of Removal pursuant to 28 U.S.C. § 1446(b), because the initial action was filed on May 12, 2004, and Defendant's Notice of Removal was not filed until November 9, 2006.

### III.   LEGAL STANDARDS

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). Because removal jurisdiction raises significant federalism concerns, the court must strictly construe removal jurisdiction, and resolve all doubts in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Title 28 U.S.C. § 1446 contains the procedure for removal to federal court. The pertinent sections of 28 U.S.C. § 1446 state:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

## IV.    ANALYSIS

### A.    Diversity Jurisdiction

Plaintiff argues that a no-fault carrier cannot use diversity for removal of first party matters because Defendant State Farm is deemed to be a citizen of the same state as Plaintiff under 28 U.S.C. § 1332(c)(1).  Defendant State Farm responds that controlling Sixth Circuit precedent interprets § 1332(c)(1) otherwise under circumstances like those presented here between an insured and a no-fault insurer.  *See Lee-Lipstreu v. Chubb Group of Ins. Co.*, 329 F.3d 898 (6th Cir.2003); *Henry v. Wausau Business Ins. Co.*, 351 F.3d 710 (6th Cir.2003).

28 U.S.C. § 1332(c)(1) provides that:

a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . . .

Plaintiff's argument is not centered on the language of 28 U.S.C. § 1332(c)(1), but rather, the distinction between "optional" and "mandatory" coverages required under Michigan no-fault law, and the fact that Michigan law requires insurers issuing no-fault policies to be "admitted carriers" pursuant to state regulatory schemes.  None of these claims, however, alter the proper

4

interpretation of 28 U.S.C. § 1332(c)(1). Moreover, Plaintiff's counsel previously raised these identical arguments in this District in nearly verbatim fashion and lost (*See, Hillen v. Allstate*, Case No. 05-74330, Dkt. #7). In *Hillen v. Allstate*, 2006 WL 250038 (E.D. Mich. 2006), Judge Edmunds found:

> Congress enacted [28 U.S.C. § 1332(c)(1)] in order to prevent a plaintiff of State A, who was injured by a party who is also a resident of State A, from achieving diversity jurisdiction by suing the other party's foreign insurance company while intentionally failing to join the individual party in the suit. In other words, the statute prevents "back door diversity," i.e., the practice of substituting a tortfeasor's insurer for the tortfeasor as a named defendant to create diversity. Accordingly, diversity will not be defeated in no-fault insurance disputes where the plaintiff sues the insurance company directly, rather than the owner or operator of the insured vehicle. *See Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421, 425 (6th Cir.1982) (observing that § 1332(c)(1) applied where the plaintiff had directly sued the tortfeasor's insurance company rather than the insured owner of the vehicle and the plaintiff and unnamed insured owner were citizens of the same state).
>
> The Sixth Circuit has recently observed that § 1332(c)(1) does not apply where its purpose would not be served; i.e., in actions by an insured against his own insurer to recover for his own injuries. *See Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir.2003) (observing that application of "the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity-federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.") Accord *Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir.2003) (observing that "federal courts have jurisdiction over actions by an insured against his or her own insurance company if the two parties are diverse because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)").

*Id.* at *1-2.

It is not disputed that this is a first-party action for no-fault personal injury protection benefits arising out of a motor vehicle accident that originally occurred on or about October 29, 1985. State Farm is an Illinois based company and Plaintiff is a citizen of Michigan. The amount in controversy exceeds $75,000. Accordingly, under prevailing Sixth Circuit precedent,

diversity jurisdiction exists under § 1332.

**B.     <u>Untimely Notice of Removal</u>**

Plaintiff argues that this case should be remanded to the Washtenaw County Circuit Court because Defendant has filed an untimely Notice of Removal pursuant to 28 U.S.C. § 1446(b). The initial action involving these same parties and same issues was filed on May 12, 2004. Defendant filed a Notice of Removal in the present action on November 9, 2006. Defendant argues that for purposes of timeliness the present action should be treated distinct from the former, as the previous case was dismissed with prejudice therefore barring any re-litigation of former claims pursuant to the principles of *res judicata.*

> 28 U.S.C. § 1446(b) provides that:
>
> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief** upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (Emphasis added).

The key to resolving the timeliness of a November 6, 2006, removal attempt is to determine when the thirty day time limit began to run — on May 12, 2004, when the initial action was filed, or on October 11, 2006, when the present action was filed.

In *Korzinski v. Jackson*, 326 F. Supp. 2d 704 (E.D. North Carolina 2004), the court addressed the situation in which plaintiff filed a July 11, 2001, complaint alleging automobile negligence, there was a voluntary dismissal of the action, the same complaint was re-filed involving the same parties in March 2004, and a defendant then filed a April 2, 2004, Notice of Removal on the basis of diversity jurisdiction.  Finding that defendant's Notice of Removal was

untimely, the court stated:

> "**Federal court decisions §1446 reflect a pragmatic approach to the thirty day limit for removal that does not favor removal under circumstances of this case where the 'new action' commenced is no more than a formality and a continuation, in all other respects, of the original action**. For example, the Fifth Circuit in *Johnson v Heublein* Inc., 227 F.3rd 236, 241 (5th Cir.2000), described a 'judicially-created revival exception to the thirty day requirement of section 1446(b).' *Id.* Under this exception, a defendant is permitted to remove beyond thirty-days after the initial filing where 'the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit.' Id. at 241-42 (citing *Wilson v Intercollegiate (Big Ten) Conference A. A.*, 668 F.2d 962 (7 Cir.1982)) ('[T]he courts have read into § 1446(b) an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action *as to constitute substantially a new suit begun that day*.') (emphasis added). Courts applying this exception have reasoned that 'although a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed in the same case.' Id. at 241-42 (alterations in original) (citing *Cliett v Scott*, 233 F.2 269, 271 (5 Cir.1956)).

*Korzinski,* 326 F. Supp. 2d at 706-707 (Emphasis added).

Defendant argues that *Korzinski* is distinguishable from the present case because the plaintiff in *Korzinski* **voluntarily** dismissed the case **without prejudice** pursuant to a state court rule 41(a)(1).[1] In addition, Defendant argues that the *Korzinski* Court declined to call the re-filed

---

[1] Rule 41(a)(1) of the North Carolina Rules of Civil Procedure states:

By Plaintiff; by Stipulation.--Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall

7

complaint a "new" action for removal purposes because the second complaint was, in all substantive respects, a continuation of a significantly developed lawsuit that commenced almost a year earlier. Defendant contends that under Michigan law a voluntary dismissal with prejudice is a final adjudication on the merits, which bars the parties from re-litigating their claims. Accordingly, Defendant argues that if Plaintiff contends that the present action is nothing more than a re-filling and/or alleged continuation of a prior lawsuit, the principles of *res judicata* require that Plaintiff's claims in the present action are bared entirely.

Defendant's *res judicata* contention is only correct to the insurance benefits in dispute in the first litigation. In no-fault cases, Courts have specifically addressed that there is a continuing accrual of no-fault benefits, based on the core language of the No-Fault Act. A dismissal with prejudice is only effects the benefits at issue prior to that dismissal. A final judgment on the merits does not bar a Plaintiff's claim for continuing benefits that are unpaid. *See, Elser v Auto-Owners*, 253 Mich App 64 (2002). The benefit must be "incurred" in order to claim it as a damage against a no-fault carrier. *See Proudfoot v State Farm*, 469 Mich. 476 (2003). At the time of the resolution of the 2004 matter, there was dismissal with prejudice for the claims up until the time of the release. There was not a dismissal or waiver of future benefits.

The damages being sought in the present matter are for benefits claimed after the 2005 settlement. Under Michigan law, it was not possible to litigate these claims in the prior action because they had yet to occur. The continuing need for treatment at the Frankel facility and

---

specify a shorter time.

continuing entitlement to insurance benefits are dependent in significant part on medical facts on and after June 30, 2004, dismissal date of the first lawsuit. Thus, it is clear that the present action is not a "re-litigation" of damages incurred prior to settlement. Yet, does this difference in the time period considered make the second suit sufficiently different to warrant Defendant having a second election opportunity for a federal forum after foregoing that opportunity in the first case. This case does appear to be a continuation of an established lawsuit because both cases involve the exact same parties, same medical provider and same type of bills (although for a different time frame) that are once again being denied by Defendant State Farm. Furthermore, Plaintiff claims that some of the actions and agreements made in the past litigation affect the rights of the parties in the current litigation. But for the prejudice that attaches to the damages claims for the period prior to mid-2005, this case would be indistinguishable from the *Korzinski* case. Nor are there any principled reasons to treat it differently. Defendant knew the Plaintiff, the issues the court and the judge involved in the May 12-July 12, 2004, period when it elected to remain in the Michigan state court. No substantial policies involving notice, opportunity, fairness or federalism warrant providing Defendant a second election regarding a federal forum.

  Principles of efficiency would support returning this case to the state forum of its origin. This case has a long history in Washtenaw County Circuit Court before Judge Shelton. The prior action progressed for 13½ months on the same provider and services, and was 2 months from trial before it was settled. The present lawsuit is seeking further benefit installments for the same benefits and the same medical expenses that were being incurred in the last lawsuit until State Farm terminated voluntary medical. The only bill that is presently not being paid is residential care. In the 2004 lawsuit, the only bill that was not being paid was residential care.

9

The same facility providing the residential care and the same parties are involved. A review of Plaintiff's May 12, 2004, Complaint and Jury Demand and October 11, 2006, Complaint and Jury Demand confirms that the allegations and requests for relief in both submissions are virtually identical (*Compare*, Dkt. #6, Ex. A to Dkt. #6, Ex. B). There are no new causes of action or theories plead and it involves the same Defendant cutting off the exact same benefits litigated back in 2004 before Judge Shelton.

As stated in *Korzinski*, Federal court decisions regarding §1446 reflect a *pragmatic approach* to the thirty day limit for removal. Utilizing such an approach to analyze the facts in this case, does not favor removal because the "new action" appears to be no more than a formality and a continuation, in all other respects, of the original action. For the benefit of judicial economy and to reduce the potential for "judge shopping," it is appropriate for this matter to be maintained in state court before the same judge who is fully familiar with the facts and parties in this case.

Because Defendant never objected to jurisdiction in state court and never sought removal from May 12 to July 12, 2004, Defendant's current attempt to remove this matter pursuant to §1446 is untimely. Accordingly, Plaintiff's motion is **GRANTED** and it is **ORDERED** that this case is remanded to the Washtenaw Count Circuit Court.

**V.    ORDER**

For the reasons stated above, **IT IS ORDERED THAT** Plaintiff's motion is **GRANTED** and this case is **REMANDED** to the Washtenaw County Circuit Court.

**SO ORDERED.**

Date: April 30, 2007                                s/Steven D. Pepe
Flint, Michigan                                     United States Magistrate Judge



CERTIFICATE OF SERVICE

     I hereby certify that on <u>April 30, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Robert E. Logeman, Adrienne D. Logeman-Cox, Eric D. Smith</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>

                                                                        s/ James P. Peltier
                                                                        James P. Peltier
                                                                        Courtroom Deputy Clerk
                                                                        U.S. District Court
                                                                        600 Church St.
                                                                        Flint, MI 48502
                                                                        810-341-7850
                                                                        pete_peliter@mied.uscourts.gov